IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEMARCUS G. JACKSON,         ) | |
|     TDCJ-CID No. 1815878         ) | |
|         Petitioner,         ) | |
| vs.         ) | No. 3:15-cv-02238-L-BH |
|         ) | |
| WILLIAM STEPHENS, Director,         ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice,         ) | |
| Correctional Institutions Division,         ) | |
|         Respondent.         ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings, evidence, and applicable law, the petition for habeas corpus relief should be **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

Demarcus G. Jackson (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is William Stephens (Respondent), the Director of TDCJ-CID.

On September 12, 2012, Petitioner was convicted of sexual assault of a child under the age of fourteen in Cause No. F-1159969-J in District Court #3 of Dallas County, Texas, and sentenced to twenty years of imprisonment. (doc. 15-1 at 1.) He appealed his conviction. (doc. 15-1 at 5.) The Fifth District Court of Appeals in Dallas, Texas, affirmed his conviction and sentence in an unpublished opinion on November 19, 2013. *Jackson v. State*, No. 05-12-01304-CR, 2013 WL 6096541 (Tex. App.–Dallas, Nov. 19, 2013, no pet.) (mem. op.). He did not file a petition for

discretionary review with the Texas Court of Criminal Appeals. (Petition (Pet.) at 3.) He filed a state application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure on September 17, 2014. (doc. 15-15 at 21.) The Texas Court of Criminal Appeals dismissed the writ for noncompliance with Texas Rule of Appellate Procedure 73.1 on February 18, 2015. (doc. 15-13; WR-82,859-01.) Petitioner filed a second state writ of habeas corpus on March 12, 2015. (doc. 15-17 at 20.) The Texas Court of Criminal Appeals denied the application based on the trial court's findings on June 10, 2015. (doc. 15-16.)

Petitioner mailed his § 2254 petition on June 27, 2015. (doc. 3.) He asserts that his trial counsel failed to impeach the complainant with prior inconsistent statements and failed to introduce evidence of her prior sexual assault accusations. (Pet. at 6-7, 14.)

## II.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because the petition in this case was filed after its effective date, the Act applies. Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

### A.  Calculation of One-Year Period

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

2

>States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, after the state appellate court affirmed the trial court's decision on November 19, 2013, Petitioner had thirty days to file a petition for discretionary review with the Texas Court of Criminal Appeals. Tex. R. App. P. 68.2; *Jackson v. State*, 2013 WL 6096541. He did not seek such review. (Pet. at 3.) His judgment became final for purposes of the one-year statutory deadline on December 19, 2013, when the time for seeking further review had expired. The one-year statutory deadline began running on December 19, 2013, and expired on December 19, 2014. Petitioner filed his federal writ on June 27, 2015–the day it was placed in the prison mail system.[1] (doc. 3.) It is therefore untimely absent any tolling of the statute of limitations.

**B. Statutory Tolling**

Congress carved out exceptions to the one-year limitation period to file a federal habeas petition in § 2244(d).

---

[1] The § 2254 petition was received and time-stamped on July 6, 2015. Because Petitioner declared under penalty of perjury that he placed his petition in the prison mail system on June 27, 2015 (doc. 3 at 11), it is deemed filed on that date under the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's habeas corpus petition is constructively filed for purposes of the AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

**1. State Collateral Review**

Section 2244(d)(2) states:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A state habeas application is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Courts defer to state law to determine whether a state habeas application conforms to the state's procedural filing requirements. *Wion v. Quarterman*, 567 F.3d 146, 148 (5th Cir. 2009). "Only a *properly filed* petition for State post-conviction or other collateral review will toll limitations." *Id.* (emphasis in original) (internal quotations omitted).

In this case, Petitioner sought state collateral review when he filed his first state writ for habeas corpus on September 17, 2014. (doc. 15-15 at 21.) It was dismissed for noncompliance with Texas Rule of Appellate Procedure 73.1 on February 18, 2015. (doc. 15-13; WR-82,859-01.) Because it was not properly filed, the first writ did not toll the limitations period.

Petitioner properly filed a second state writ of habeas corpus on March 12, 2015. (doc. 15-17 at 20.) By that time, the AEDPA one-year limitations period had run, so the re-filed petition did not toll the AEDPA deadline. *Wion*, 567 F.3d at 148 ("[Petitioner] re-filed his petitions, this time properly, in November 2005, but that was after the one-year AEDPA limitations had run. The re-filed petitions could not have tolled [the] limitations."); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Petitioner is not entitled to statutory tolling for his state collateral review under § 2244(d)(2).

4

**2. State-Created Impediment**

Although Petitioner does not explicitly raise a claim of state-created impediment, he claims that the law library "took weeks" before allowing him to "mail off useing [sic] in forma pauperis" and "to do [his] research." (Pet. at 9.)

To invoke statutory tolling under § 2244(d)(1)(B), Petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (*citing Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)). "That is, a petitioner must show that the delay actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law." *Williams v. Stephens*, No. 3:13–CV–4018–B, 2013 WL 6671518 at *1 (N.D. Tex. Dec. 17, 2013) (citing *Egerton*, 334 F.3d at 436-37). There must be a casual link between the alleged state-created impediment and the inability to file a timely federal petition. *Salinas v. Thaler*, No. 3:10–CV–2492–O, 2013 WL 1497044 at *1 (N.D. Tex. April 11, 2013).

In *Salinas v. Thaler*, the petitioner claimed that his prison unit's library was inadequate and frequently denied him access, which constituted a state-created impediment. *Salinas*, 2013 WL 1497044 at *1. The court held that the petitioner was not entitled to post-conviction relief because he failed to "demonstrate that the alleged shortcomings hindered his efforts to pursue a legal claim." *Id.* (citing *Krause v. Thaler*, 637 F.3d 558, 561). It noted that the petitioner did "not specify what federal materials would be necessary for him to pursue [post-conviction] relief and also fail[ed] to allege the causal link . . ." *Id.*

In this case, Petitioner also does not show how his restricted access to the library actually prevented him from filing a timely petition. He has not stated what materials he needed to complete

5

his petition but was not able to use. He has not specified the time frame his restriction was in place, or the extent of the restriction. Notably, he was able to file his state application for writ of habeas corpus during the one-year limitations period on September 17, 2014. (doc. 15-15 at 21.) Because Petitioner has not alleged a causal link between his alleged restricted access to the law library and his inability to timely file his federal habeas petition, there was no state-created impediment, and he is also not entitled to statutory tolling under § 2244(d)(1)(B).

## C. Equitable Tolling

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). The doctrine of equitable tolling "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 648 (*citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).

After his conviction was affirmed on November 19, 2013, Petitioner did not take any further action until September 17, 2014, when he filed his first state habeas writ. (*Jackson v. State*, 2013 WL 6096541; doc. 15-15 at 21.) The nine-month lapse in time does not illustrate he had been pursuing

his rights diligently. *See, e.g., Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) (holding that petitioner did not exercise due diligence when he waited six months from the denial of his state habeas writ to file his federal habeas writ); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) (holding that petitioner who filed his application for state relief two days before the AEDPA deadline, and then filed his federal petition seventeen days after it expired, did not exercise due diligence).

Furthermore, a delay in access to the law library is not itself a rare and exceptional circumstance that warrants equitable tolling. *See Lewis v. Casey*, 518 U.S. 343, 362 (1996) (Lockdown prisoners "routinely experience delays in receiving legal materials or legal assistance." If such delays "are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance"). Additionally, he has not alleged that he was actively misled by the State. Accordingly, Petitioner has not met his burden in proving that he is entitled to equitable tolling.

### III.  RECOMMENDATION

The petition for habeas corpus relief should be **DENIED** with prejudice as barred by the statute of limitations.

**SO RECOMMENDED on this 22nd day of June, 2016.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE