**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEMARCUS G. JACKSON, TDCJ-CID No. 1815878,** | § § § | |
| Petitioner, | § § § | |
| v. | § | Civil Action No. 3:15-CV-2238-L |
| **LORIE DAVIS, Director, TDCJ-CID,**[1] | § § § | |
| Respondent. | § | |

**ORDER**

Before the court is Petitioner Demarcus G. Jackson ("Petitioner") *pro se* writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed July 6, 2015. The case was referred to Magistrate Judge Irma Carrillo Ramirez for screening, who entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on June 22, 2016, recommending that the court deny with prejudice the petition as barred by the statute of limitations. On July 6, 2016, Petitioner moved for an extension of time to file his objections to the Report. On July 7, 2016, Magistrate Judge Ramirez granted his motion and extended the deadline to file his objections to the Report to August 6, 2016. Petitioner filed his objections to the Report on July 18, 2016.

Having reviewed the file, record in this case, Report, and conducted a de novo review of the portion of the Report to which Petitioner objects, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.

---

[1] Petitioner brought this action against William Stephens in his official capacity. He is no longer the Director of TDCJ-CID. Pursuant to Federal Rule of Civil Procedure 25(d), Lorie Davis, his successor, has been substituted as a party.

**Order – Page 1**

Accordingly, the court **denies** the petition as barred by the statute of limitations and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Sections 2254 and 2255 Proceedings in the United States District Court, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability. The court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of its finding that Movant has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

In the event Petitioner will file a notice of appeal, the court notes that he must pay the filing fee of $505 or file a motion for leave proceed *in forma pauperis* on appeal.

**It is so ordered** this 10th day of August, 2016.

Sam A. Lindsay
United States District Judge

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Proceedings reads as follows:
**(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**